DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@holdenlegal.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@holdenlegal.com
HOLDEN KIDWELL HAHN & CRAPO, P.L.L.C.
P.O. Box 50130
1000 Riverwalk Drive, Suite 200
Idaho Falls, ID 83405
Telephone: (208) 523-0620
Facsimile: (208) 523-9518

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DELANO DIXON, VAL BENCH, and CURTIS BYINGTON,<br><br>        Plaintiffs,<br>v.<br><br>BONNEVILLE COUNTY, an Idaho Political Subdivision, BONNEVILLE COUNTY SHERIFF'S OFFICE, an Office of an Idaho Political Subdivision,<br><br>        Defendants. | Case No. CV-09-36<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiffs, DeLano Dixon, Val Bench, and Curtis Byington, by and through their counsel of record, Holden, Kidwell, Hahn & Crapo, P.L.L.C., and states their cause of action as follows:

**JURISDICTION AND VENUE**

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and under the Idaho's Claim for Wages Act, Idaho Code § 45-604, *et seq.*

2. Jurisdiction is invoked pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 1367.

3. This action properly lies in the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose, and the parties are located and reside in this judicial district.

## PARTIES

4. Plaintiff DeLano Dixon ("Plaintiff Dixon") is a male citizen and resident of the United States of America, who is, and at all times relevant hereto was, a resident of Bonneville County, Idaho, and maintained his residence in Idaho Falls, Idaho.

5. Plaintiff Val Bench ("Plaintiff Bench") is a male citizen and resident of the United States of America, who is, and at all times relevant hereto was, a resident of Bonneville County, Idaho, and maintained his residence in Ririe, Idaho.

6. Plaintiff Curtis Byington ("Plaintiff Byington") is a male citizen and resident of the United States of America, who is, and at all times relevant hereto was, a resident of Bonneville County, Idaho, and maintained his residence in Ririe, Idaho.

7. Plaintiff Dixon, Plaintiff Bench and Plaintiff Byington are hereinafter referred to collectively as "Plaintiffs."

8. Bonneville County is an Idaho political subdivision with its principal place of business in Idaho Falls, Idaho.

9. Defendant Bonneville County Sheriff's Office is an office of Bonneville County that provides law enforcement services for Bonneville County, Idaho.

10. Bonneville County and Bonneville County Sheriff's Office are hereinafter referred to collectively as "Defendants."

## FACTS COMMON TO ALL COUNTS

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 as though fully set forth herein.

12. Defendants provide law enforcement and emergency services for the entirety of Bonneville County. Additionally, Defendants have contracted with certain towns within Bonneville County to provide law enforcement and emergency services.

13. Among the towns Defendants have contracted to provide services to are Swan Valley, Idaho, and Irwin, Idaho.

14. Plaintiffs are currently employed by Defendants as law enforcement officers, serving as back country deputies to provide law enforcement services to remote areas of Bonneville County surrounding Swan Valley, Idaho ("hereinafter referred to as "Swan Valley Area").

15. Defendants' main office is located in Idaho Falls, Bonneville County, Idaho.

16. Due to the distance between Defendants' main office in Idaho Falls and the remote areas of Bonneville County surrounding Swan Valley, Idaho, Defendants constructed a facility in Swan Valley with living quarters for the purpose of providing 24-hour service to this remote area of Bonneville County.

17. In order to maintain its physical presence in the Swan Valley Area for continuous 24-hour periods, Defendants required each of the Plaintiffs to perform on-call services from its premises in Swan Valley.

18. In general, deputies were assigned to four day shifts at the remote Swan Valley location. From approximately 7:00 a.m. to 7:00 p.m., the deputies would spend the day

patrolling the area and responding to emergency calls. From 7:00 p.m. to 7:00 a.m., one deputy would be on-call, remaining in or near the facility in order to respond to emergency calls.

19. Each of Plaintiffs performed approximately five to six on-call shifts per month.

20. Plaintiff Dixon was hired to serve in the Swan Valley Area on or about March of 2006.

21. Plaintiff Bench was hired to serve part time in the Swan Valley Area on or about April 2003. Plaintiff Bench began to serve full time in the Swan Valley Area on or about 2004.

22. Plaintiff Byington was hired to serve in the Swan Valley Area on or about February 2004.

23. While each Plaintiff was on-call during the 7:00 p.m. to 7:00 a.m. shifts, he was required to carry a cell phone and to respond to any emergency calls in the area. The deputy on duty was allowed to leave Defendants' premises in the very near vicinity, but were not allowed to travel outside of cell phone range, and were expected to stay.

24. Plaintiffs understood they were to respond to any call received during this on-call duty as quickly as possible, approximately 10 to 20 minutes, if possible.

25. Defendants allowed Plaintiffs to bring their families to stay with them in the housing facility during their on-call shifts. However, the distance from their homes and activities which required them to remain at their residences made it difficult.

26. Although Plaintiffs were paid for the time they spent responding to calls during their on-call shift, they were not fully compensated for the remainder of the time they spent on-call.

27. Plaintiffs received an additional approximately $1.40 per hour added to their hourly wage for their 7:00 a.m. to 7:00 p.m. shifts on days on which they performed on-call services that night.

## COUNT ONE
## FEDERAL WAGE CLAIM

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 as though fully set forth herein.

29. The time Plaintiffs spent on-call was primarily for the benefit of Defendant.

30. Defendants are "employers" within the meaning of 29 U.S.C. § 203(d).

31. At all times relevant hereto, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

32. At no time during the course of their employment were Plaintiffs "exempt employees" within the meaning of 29 U.S.C. § 213.

33. During the course of Plaintiffs' employment in the Swan Valley Area, Defendants paid Plaintiffs an hourly wage, which constituted Plaintiffs' regular rate of pay within the meaning of 29 U.S.C. § 207(e).

34. During the course of Plaintiffs' employment in the Swan Valley Area, Defendants required Plaintiffs to work without properly compensating them for time worked while on-

call, and/or Defendants required Plaintiffs to work in excess of 86 hours in a 14-day work period and failed to compensate Plaintiffs' overtime compensation.

35. Defendants' failure to pay Plaintiffs for time worked while on-call is a violation of 29 U.S.C. § 206.

36. Defendant's failure to compensate Plaintiffs for overtime arising out of on-call duty is a violation of 29 U.S.C. § 207(a)(1).

37. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover from Defendants the amount of unpaid wages and/or the amount of unpaid overtime compensation in amounts to be proven at trial and an additional equal amount in liquidated damages.  In the alternative, if Plaintiffs are not entitled to liquidated damages, then Plaintiffs are entitled to pre-judgment interest on all unpaid wages and/or unpaid overtime wages due and owing from Defendants.

38. Defendants' violations of 29 U.S.C. § 206 and/or 29 U.S.C. § 207 were willful violations within the meaning of 29 U.S.C. § 255(a).

## COUNT TWO
## STATE WAGE CLAIM

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiffs worked on-call shifts in the Swan Valley Area for over the last three years.

41. Defendants failed to fully compensate Plaintiffs for their on-call time not spent responding to calls.

42. The time Plaintiffs spent on-call was primarily for the benefit of Defendants.

43. Defendants are "employers" within the meaning of Idaho Code §§ 44-1503 and 45-601.

44. During the course of Plaintiffs' employment in the Swan Valley Area, Defendants required Plaintiffs to work without properly compensating them for time worked while on-call.

45. Defendants' failure to pay Plaintiffs for time worked on-call is a violation of Idaho Code § 44-1502.

46. Pursuant to Idaho Code § § 45-614 and 45-615, Plaintiffs are entitled to recover from Defendants the amount of unpaid wages and/or the amount of unpaid overtime in amounts to be proven at trial and liquidated damages and/or treble damages relating thereto.  In the alternative, if Plaintiffs are not entitled to liquidated and/or treble damages, then Plaintiffs are entitled to pre-judgment interest on all unpaid wages and/or unpaid overtime wages due and owing.

## ATTORNEYS' FEES

As a further direct and proximate result of Defendants' actions and/or failures to act, Plaintiffs have been compelled to retain the services of counsel, and have thereby incurred, and will continue to incur costs, expert witness fees, and attorney fees which should be required to be paid by the Defendants pursuant to: 29 U.S.C. § 216(b) and Idaho Code § 45-615.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable to a jury in this action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs seek judgment against Defendants as follows:

1. For an award of damages in the amount of Plaintiffs' unpaid wages and/or unpaid overtime wages, in accordance with 29 U.S.C. §§ 206 and 207 and Idaho Code § 44-1502 in amounts to be proven at trial;

2. For an award of damages in an additional amount as liquidated damages and/or treble damages pursuant to 29 U.S.C. § 216(b) and Idaho Code §§ 45-614 and 45-615, or, in the alternative, for pre-judgment interest on all unpaid wages due and owing from Defendants;

3. For Plaintiffs' reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. § 216(b) and Idaho Code § 45-615.; and

4. For such other and further relief as the Court deems just and proper.


_____/s/_____          Dated: January 29, 2009
DeAnne Casperson, Esq.
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.